ABE FEIST ET AL., DEFENDANTS IN ERROR, v. HENRY JEROLAMON, PLAINTIFF IN ERROR.

Submitted November 6, 1909—Decided February 28, 1910.

1. Section 10 of the statute of frauds (*Gen. Stat.*, p. 1604) requires a memorandum only in the case of a broker or real estate agent selling or exchanging land for or on account of the owner.

2. It is not necessary in order that a real estate broker should recover his compensation that he should disclose the name or establish the pecuniary ability of his customer where such disclosure would be futile owing to the conduct of the vendor.

3. Whether a real estate broker is precluded from recovering compensation from the proposed vendor by reason of his relations with the proposed vendee, depends upon the facts of the case. A distinction is to be made between the case of an agent for the vendor and a mere middleman who acts only to bring the vendor and vendee together.

On error to the Supreme Court.

For the defendants in error, *Jacob Fischel* and *Leo Stein.*

For the plaintiff in error, *S. Howell Jones* and *Frank E. Bradner.*

The opinion of the court was delivered by

SWAYZE, J. This is an action by a real estate broker to recover compensation for finding a purchaser in accordance with a memorandum in writing signed by the defendant. The plaintiffs recovered judgment and the defendant brings this writ of error.

*First.* The memorandum is said to be insufficient to comply with the statute since the defendant was not the owner of the lands mentioned therein. That, however, is not fatal to the plaintiffs' case. The statute (*Gen. Stat., p.* 1604, § 10) requires a memorandum only in the case of a broker or real estate agent selling or exchanging land for or on account of the owner. If the plaintiffs were acting for anyone other than the owner, the case was the ordinary one of a contract for services and the statute is inapplicable.

*Second.* There was evidence from which the jury were justified in inferring that the offer of the defendant contained in the memorandum was accepted by the plaintiffs. After receipt of the memorandum by them they produced a customer who was taken to the land by the defendant.

*Third.* The evidence justified a finding that the plaintiffs produced a customer who was able and willing to conclude the bargain on the defendant's terms. The point sought to be made in this respect by the defendant seems to be that it was

incumbent on the plaintiffs to disclose the name of their customer and to satisfy the defendant of his pecuniary ability. If, however, the jury believed the plaintiffs' witnesses, as they well might, the disclosure of the name and pecuniary ability of the customer was prevented by the defendant, for as soon as he was informed that the plaintiffs had a purchaser for the property, instead of making inquiry as to the truth or falsity of their statement and as to the pecuniary ability of the customer, he demanded a higher price for his land. If, on the other hand, the jury believed the defendant, a disclosure of the name and pecuniary ability of the purchaser would have been futile, since the defendant had already bargained for the land with another person.

*Fourth.* The question whether or not the plaintiffs were precluded from recovering the stipulated compensation by reason of the fact that they were at the same time acting for the defendant and for the proposed purchaser, depends upon the facts of the case. The rule is well established in this state that an agent who assumes to act for one of the parties in a sale of land is bound to disclose to the other his existing agency, and that in the absence of such disclosure he cannot recover compensation. *Ruckman* v. *Bergholz,* 8 *Vroom* 437; *Young* v. *Hughes,* 5 *Stew. Eq.* 372; *Marsh* v. *Buchan,* 1 *Dick. Ch. Rep.* 595; *Howard* v. *Murphy,* 41 *Vroom* 141. There is, however, a distinction to be made between the case of one acting as agent and one acting only as a middleman. *Rupp* v. *Sampson,* 16 *Gray* 398. The precise question, therefore, in this case is, whether the plaintiffs assumed to act as agent for the defendant without disclosing the fact that they were acting also for the purchaser, or whether they acted only as a middleman to bring the purchaser and the defendant together. The facts are these: On February 27th, 1907, the plaintiffs wrote the defendant asking his lowest cash price for the land. To this the defendant replied describing the land and naming his price and terms. In this letter he stated that he would allow the plaintiffs $500 as commission. Thereafter the plaintiffs brought him into communication with one of

the proposed purchasers, and together they went to see the land. One of the plaintiffs testified that he then told the defendant that he would probably hear from them in a short time, because the proposed purchaser was going to bring his brother or somebody out to see the property. Later, the defendant was informed that the plaintiffs had a client ready to buy the land, and he was then offered a check or cash to close the bargain, to which he replied that he wanted more money for the property. The trial judge, in substance, left it to the jury to say whether there was a pre-existing relation on the part of the plaintiffs in respect to this particular piece of property which was inconsistent in honesty and good morals with their acting as brokers for the defendant. The jury were justified in finding from the facts stated that the defendant was apprised of the fact that the plaintiffs were acting in behalf of possible purchasers. If they found that fact, there was clearly no fraudulent concealment on the part of the plaintiffs, and the position which they occupied was not that of an agent for the defendant, but, as to him, they were in the position of a middleman who introduced a customer, for which service the defendant had agreed to pay them.

We think the objection to the plaintiffs' recovery on this ground is untenable, and the judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 16.

*For reversal*—None.